**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **JESSE BEST,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-15-2515** |
| **PHILCHRIST TOSSOU, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

After suffering injuries when Prince George's County (the "County") police officers arrested him on June 3, 2012, Plaintiff Jesse Best filed suit against County Police Officers Philchrist Tossou, Christopher Rothenberger, and Unknown Police Officers Nos. 1–8, in their individudal and official capacities, as well as County Police Chief Mark A. Magaw. ECF No. 2. His Complaint includes four federal claims pursuant to 42 U.S.C. § 1983 (Counts I–IV), and seven state law claims (Counts V–XI). *Id.* Specifically, he claims that the individual defendant police officers, and Magaw under the theory of respondeat superior, are liable for violations of the Maryland Declaration of Rights, false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress. *Id.* He also sues Magaw for negligent supervision and training. *Id.*

Defendants have filed a Memorandum in Support of Defendants' Partial Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 16,[1] arguing for dismissal of the state law claims for failure to comply with the Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. §§ 5-301–5-304, and dismissal of the assault claim in particular as barred by the applicable statute of limitations. Best filed an Opposition and Motion to Permit Claims for Good Cause Shown, ECF No. 17, and Defendants filed a Reply, ECF No. 18. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

Best has shown good cause to proceed with his state law claims, despite lack of compliance with the notice requirements of the LGTCA, and Defendants have not shown prejudice. However, he concedes that his assault claim is barred by the one-year statute of limitations and consents to its dismissal. Pl.'s Opp'n & Mot. 1 n.1. Accordingly, I will grant Best's Motion to Permit Claims for Good Cause Shown and grant in part and deny in part Defendants' Partial Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, treated as a Motion for Summary Judgment.

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). When a defendant attaches documents to a motion to dismiss that are not "integral to the complaint" or where the documents' authenticity is disputed, the Court must treat the motion as one for summary judgment to consider the documents. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir.

[1] Defendants submitted only the memorandum and not a separate motion. I construe their memorandum to incorporate a motion to dismiss or, alternatively, for summary judgment. *See* Fed. R. Civ. P. 1.

2009); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013); Fed. R. Civ. P. 12(d). When the Court does so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Notably, "the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Thus, this requirement "can be satisfied when a party is 'aware that material outside the pleadings is before the court.'" *Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Indeed, while the Court "clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, [it] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). It is obvious that the Court may construe a motion that is styled as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, as a motion for summary judgment. *Ridgell*, 2012 WL 707008, at *7; *see Laughlin*, 149 F.2d at 260–61. Because I consider documents attached to the parties' briefings, I will treat Defendants' motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment

demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

**Discussion**

Defendants argue that the Court should dismiss Best's state law claims (Counts V–XI) because Plaintiff failed to comply with the notice requirement of the LGTCA. Defs.' Mem. 4. Under the LGTCA, local governmental entities can be held liable for state constitutional torts and common law torts. *See Martino v. Bell*, 40 F. Supp. 2d 719, 723 (D. Md. 1999); *DiPino v. Davis*, 729 A.2d 354, 370–71 (Md. 1999). However, to sue a local government or its employees for unliquidated damages based on an injury prior to October 1, 2015,[2] a plaintiff must provide written notice of the claim within 180 days after the injury giving rise to the suit. Cts. & Jud. Proc. § 5-304(b). Further, the notice must be provided to the county attorney, *id.* § 5-304(c)(3)(iii).

Failure to give actual notice is not fatal to a claim if a plaintiff substantially complies with the notice requirements. *Huggins v. Prince George's Cnty., Md.*, 683 F.3d 525, 538 (4th Cir. 2012). Substantial compliance is a narrow exception to the LGTCA notice requirement; "substantial compliance will occur when the local government receives actual notice such that it is given the opportunity to properly investigate the potential tort claim." *Id.* (quoting *Hansen v.*

[2] The Maryland Legislature extended the notice period from 180 days to one year for cases accruing on October 1, 2015 or later. *See* 2015 Md. Laws Ch. 131 (H.B. 113) (amending § 5-304(b)(1) to provide that notice must be "given within 1 year after the injury").

*City of Laurel*, 996 A.2d 882, 891 (Md. Ct. Spec. App. 2010) (alteration, citation, and internal quotation marks omitted)). Notably, "substantial compliance has no application to an outright failure to comply." *Moore v. Norouzi*, 807 A.2d 632, 643 (Md. 2002) (citing *Blundon v. Taylor*, 770 A.2d 658, 670 (Md. 2001)). Therefore, "[t]here must be some effort to provide the requisite notice and, in fact, it must be provided, albeit not in strict compliance with the statutory provision." *Id.* In addition to showing "substantial compliance as to the content of the notice within the 180-day period," a plaintiff must show substantial compliance "as to the statutory recipient." *Huggins*, 683 F.3d at 538.

Here, Best's alleged injuries occurred on June 3, 2012. The 180-day period ended on Friday, November 30, 2012. Best sent a letter dated Monday, December 3, 2012, one business day late, to the County's Attorney's Office by certified mail, and the Attorney's Office received it on December 4, 2012. Pl.'s Opp'n & Mot. 1–2; *id.* Ex. 4, ECF No. 17-3; Defs.' Mem. 6; Tice Aff. ¶ 3, Defs.' Mem. Ex. 1, ECF No. 16-1. Thus, Best did not comply with the LGTCA's notice requirement. *See* Cts. & Jud. Proc. § 5-304(b).

Nonetheless, the LGTCA provides "an exception to the notice requirement" in Cts. & Jud. Proc. § 5-304(d). Subsection (d) states that, "notwithstanding the other provisions of [§ 5-304], unless the defendant can affirmatively show that its defense has been prejudiced by lack of the required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given." Best's Opposition incorporates a Motion to Permit Claims for Good Cause Shown, in which he argues that he diligently prosecuted his claim "by … filing … a complaint with the Internal Affairs Division less than three motnhs after the incident" and thereby "ensur[ing] that an investigation opened." Pl.'s Opp'n & Mot. 10. He also contends that, "even though incorrect, Mr. Best's former attorney's mailing on December 3, 2012, was a

good faith attempt to comply with the notice requirement and it was reasonable under the circumstances." *Id.* at 11.

In the Declaration of Eric F. Rosenberg that Best attaches to his Opposition and Motion, his former attorney states that he "initially believed that Mr. Best's act of submitting a Prince George's County Police Department Complaint Form to Prince George's County Police Internal Affairs Division eighty-nine (89) days after the incident satisfied the 180-day notice requirement." Rosenberg Decl. ¶ 7, Pl.'s Opp'n & Mot. Ex. 2, ECF No. 17-1. But, "[t]o err on the side of caution," Rosenberg "decided to also submit a Notice of Claim Letter to the PG County Attorney's Office prior to the 180-day deadline," which he sent by certified mail, return receipt requested, on December 3, 2012, and by hand-delivery the next day. *Id.* ¶ 8. He explained that he "mistakenly believed that December 3, 2012 was 180 days after June 3, 2012," either "due to a mathematical computation or because [he] conflated 180 days with six calendar months." *Id.* ¶ 12.

> The test for good cause shown "is that of ordinary prudence ... whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Bibum v. Prince George's County*, 85 F. Supp. 2d 557, 565 (D. Md. 2000). While ignorance of the notice requirement is not good cause, excusable neglect or mistake is. *Heron v. Strader*, 361 Md. 258, 761 A.2d 56, 64 (Md. 2000).

*Hayat v. Fairely*, No. WMN-08-3029, 2009 WL 2426011, at *6 (D. Md. Aug. 5, 2009).

By filing a Complaint Form with the County Police Department and then providing notice to the County Attorney's Office by certified mail and hand-delivery only one and two days after the 180-day deadline, respectively, Best has exhibited "that degree of diligent that an ordinarily prudent person would have exercised under the same or similar circumstances." *Id.* Notably, those circumstances include a six-month period that included two sequential thirty-one day months (July and August), so that it would be reasonable to miscalculate and believe that

Monday, December 3, 2012 rather than Friday, November 30, 2012 was 180 days after June 3, 2012. This miscalculation of the notice period is a reasonable mistake that constitutes good cause. *See id.* Moreover, Defendants have not shown, or even argued, that they were prejudiced by this insignificant delay. *See* Defs.' Reply 3–4.

**ORDER**

Accordingly, it is, this 14th day of June, 2016, hereby ORDERED that

1. Plaintiff's Motion to Permit Claims for Good Cause Shown, ECF No. 17, IS GRANTED;
2. Defendants' Partial Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 16, IS GRANTED IN PART AND DENIED IN PART as follows:
    a. The Motion IS GRANTED as to Best's claim for assault and battery (Count VIII), which IS DISMISSED; and
    b. The Motion IS DENIED as to the remainder of Best's state law claims (Counts V, VI, VII, IX, X, XI); and
3. Defendants' answer is due on July 8, 2016.

/S/
Paul W. Grimm
United States District Judge

lyb